UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TROY LUCKETT | No. 23 CR 657<br><br>Honorable Franklin U. Valderrama |

**GOVERNMENT'S POSITION PAPER AS TO SENTENCING FACTORS AND MOTION FOR A DOWNWARD VARIANCE**

Defendant Troy Luckett is before this Court to be sentenced for having committed a very serious a violent offense: Robbing a bank with co-defendant Kendall Sullivan while both defendants brandished firearms, accosting bank employees and restraining bank customers in the process. Luckett's applicable Guidelines range is 262 to 327 months, due in large part to Luckett's status as a career offender. The government respectfully requests that the Court depart downward from Luckett's applicable Guidelines range and sentence Luckett to 180 months' imprisonment.

## I. Background

On December 23, 2023, Luckett, along with his co-defendant Sullivan, were charged in a one-count complaint with bank robbery, in violation of Title 18, United States Code, Section 2113(a). Dkt. 1. On February 14, 2024, Luckett (and Sullivan) were charged in a two-count indictment with the same offense (bank robbery) as well as brandishing a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Dkt. 28. Luckett withdrew his plea of not guilty and entered a plea of guilty to both charges in the indictment via a written plea agreement on April 1, 2025. Dkt. 122-24. Luckett is currently scheduled to be

sentenced by the Honorable Franklin U. Valderrama on August 12, 2025, at 9:30 a.m. Dkt. 123.

## II. The Offenses of Conviction

### A. Count One

On or about December 22, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, Luckett, by force and violence, and by intimidation, took from the person and presence of a bank employee approximately $9,433 in United States currency belonging to, and in the care, custody, control, management, and possession of Byline Bank, 7050 North Western Avenue in Chicago, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2. Dkt. 28; PSR ¶ 1.

Specifically, on or about December 22, 2023, Luckett, along with co-defendant Kendall Sullivan, entered the Byline Bank located at 7050 North Western Avenue in Chicago, Illinois, for the purpose of robbing the bank. PSR ¶ 7. Luckett positioned himself at one end of the teller station, while Sullivan went to the other end and approached a bank employee, Employee B, and drew a loaded firearm. *Id.* Luckett instructed another bank employee, Employee A, to get off the phone, and Sullivan pointed a loaded firearm at Employee B and demanded money. *Id.*

Meanwhile, two customers entered the bank; upon seeing the robbery in progress, the customers attempted to turn around and exit the bank. *Id.* Luckett drew a loaded firearm and pursued the fleeing customers while pointing his firearm at them. *Id.* Luckett then grabbed one of the customers by the shirt collar and then

forcibly escorted both customers back into the bank, where he told the customers to lie down on the floor. *Id.*

The interview reports of the customers who Luckett forcibly escorted back into the bank are attached to the Government's Version of the Offense as Exhibits 1 and 2. As set forth in the reports, one customer ("Customer 1") indicated to law enforcement that Luckett grabbed Customer 1 by Customer 1's shirt collar, would not let Customer 1 leave the bank, and that Customer 1 was "really scared." Customer 1 indicated to law enforcement that Luckett pushed Customer 1 to the ground while pointing a gun at Customer 1. The second customer ("Customer 2") indicated that Customer 2 had come into the bank with Customer 1 in order to withdraw money for Christmas. Customer 1 and Customer 2 realized the bank was being robbed once they were already inside. According to Customer 2, Customer 2 saw Luckett grab Customer 1, and Luckett made Customer 2 and Customer 1 lie face down on the floor. Customer 2 threw Customer 2's cell phone and Customer 1's banking information because Customer 2 thought that Customer 2 and Customer 1 might get robbed.

Luckett acknowledged in his plea agreement that Sullivan gave Employees B and C a bag and instructed them to fill the bag with cash, and that Employees B and C placed approximately $9,433 into the bag. Sullivan grabbed the bag of money, and he and Luckett exited the bank. PSR ¶ 8. Luckett also acknowledged in the plea agreement that, at the time of the robbery, the Federal Deposit Insurance Corporation insured the deposits of the Byline Bank. Dkt. 124, ¶ 6(a). Luckett further

acknowledged in the plea agreement that, after the robbery, law enforcement recovered $9,433 from Sullivan on December 22, 2023. *Id.*

### B. Count Two

On or about December 22, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, Luckett brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, a bank robbery in violation of Title 18, United States Code, Section 2113(a), as charged in Count One of the indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Dkt. 28; PSR ¶ 2.

More specifically, on December 22, 2023, Luckett entered the Byline Bank with Sullivan to commit the robbery described above. PSR ¶¶ 7-8. Luckett carried a firearm, which he pointed at customers who he chased and forced to come back inside the bank while Sullivan took money from the bank teller. *Id.* Luckett acknowledged in the plea agreement that he brandished the firearm during and in relation to the bank robbery. *Id.*

## III. Sentencing Guidelines Calculations

The government agrees with the criminal history and offense level calculations set forth in the PSR submitted by the United States Probation Office, and the applicable Guidelines range of 27-33 months' imprisonment set forth in the PSR. PSR ¶¶ 13-32, 41-51, 102.

## IV. Application of the Statutory Sentencing Factors

In determining a sentence to impose, courts consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense and respect for the law, to promote just punishment, and to afford adequate deterrence from future criminal conduct. *See* 18 U.S.C. § 3553(a); *see also United States v. Vallar*, 635 F.3d 271, 278 (7th Cir. 2011).

### A. The Nature and Circumstances of the Offenses

Committing an armed robbery of a bank and brandishing firearms at bank employees and customers is a heinous, dangerous offense. Luckett jeopardized the lives of everyone present inside of the bank that afternoon when he robbed it—including his own life and that of his co-defendant. Luckett's actions with respect to Customer 1 and Customer 2 are particularly aggravating. Luckett grabbed Customer 1 and physically restrained Customer 1 from leaving the bank, and then forced Customer 1 and Customer 2 back into the bank and made them get down on the floor at gunpoint. A sentence of 180 months' imprisonment is warranted for committing an armed robbery of a bank and intimidating employees and customers.

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Violent crime is unfortunately rampant in the Chicagoland area, particularly acts of violence committed with firearms. Committing an armed bank robbery is an inherently violent crime. By brandishing his firearm on December 22, 2023, Luckett

was communicating to the bank employees and Customer 1 and Customer 2 that he would use the firearm unless they complied with his demands—that Luckett would shoot and possibly kill them. It doesn't get much more serious than threatening to shoot someone. A sentence of 180 months' imprisonment is sufficient, but not greater than necessary, to reflect the seriousness of Luckett's actions, promote respect for the law, and provide just punishment for the armed bank robbery Luckett committed.

### C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

This Court's sentence should deter copycat behavior. It is important for individuals who know Troy Luckett, are familiar with this case, or who may become familiar with this case after the Court imposes its sentence, to be deterred from robbing banks and brandishing firearms and understand that they will subject themselves to a lengthy term of imprisonment if they do what Luckett did on December 22, 2023. A sentence of 180 months' imprisonment is sufficient, but not greater than necessary, to deter would-be bank robbers from emulating Luckett's conduct.

### D. The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant

The public needs to be protected from Luckett. Luckett was only 23 years old at the time of this offense, but had already had a number of interactions with the criminal justice system since turning 18 years old, including five convictions that generate criminal history points *before* he committed the armed robbery on December 22, 2023.

### E. The History and Characteristics of the Defendant

Luckett is technically a career offender, but this substantially overstates his criminal history. Luckett's career offender qualifying convictions are, essentially, possessing with intent to distribute between 10-30 grams of marijuana on two occasions, and 10.9 grams of cocaine on another occasion, when Luckett was 18 and 19 years old. PSR ¶¶ 42, 45-46. This is not the criminal background that generally warrants the label of "career offender" under the Guidelines. This is why the government respectfully asks that the Court depart downward from the applicable Guidelines range of 262 to 327 months' imprisonment. Further, imposing a sentence on Luckett within the applicable Guidelines range of 262 to 327 months' imprisonment would likely create a large disparity between that sentence and the sentence this Court would impose on Luckett's equally culpable co-defendant Sullivan. *See* Dkt. 83, ¶ 9(d).

## V. Restitution

Restitution in the amount of $9,433 is mandatory in this case. That said, the government recovered the $9,433 from Sullivan on the day of the robbery. The government will file a separate motion seeking to forfeit the $9,433, so that the order of forfeiture can be made part of the Judgment, which will facilitate returning the $9,433 to the bank.

## VI. Supervised Release Conditions

The government agrees with all of the conditions of supervised release proposed by U.S. Probation.

## VII. Conclusion

For the reasons stated above, the government respectfully requests that the Court depart downward from Luckett's applicable Guidelines range and sentence Luckett to 180 months' imprisonment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/ Jason A. Julien*
JASON A. JULIEN
SEAN HENNESSY
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-5300

**CERTIFICATE OF SERVICE**

I, Jason A. Julien, an attorney, certify that I served a copy of the foregoing Government's Position Paper as to Sentencing Factors by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *(/s/ Jason A. Julien)*
JASON A. JULIEN
SEAN HENNESSY
Assistant United States Attorneys
219 S. Dearborn Street, Rm. 500
Chicago, Illinois 60604
(312) 353-5300